**Frieda Rita YAKUBOV,**
**Plaintiff–Appellant,**

v.

**SHARON TOWERS REALTY, Aaron Sokol, Michael Kluger, Oakwood North & South Owners and N. Desai, Defendant–Appellees.**

No. 06–2490–cv.

United States Court of Appeals, Second Circuit.

July 2, 2007.

Kenneth R. Berman, Mkrtchian & Broderick, Forest Hills, NY, for Appellant.

Merril S. Biscone, Rivkin Radler, Uniondale, NY, for Appellees.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges, RICHARD M. BERMAN,* Judge.

**SUMMARY ORDER**

Plaintiff-appellant Frieda Rita Yakubov appeals from judgment entered by the District Court pursuant to its April 24, 2006 Memorandum and Order, *Yakubov v. Sharon Towers Realty, et al.,* No. 05–CV–4899 (ERK), which granted defendants' motion to dismiss. Plaintiff alleged causes of action for replevin, injury to the right to possession, conversion, prima facie tort, interference with ownership of stock certificates, negligence, and "willful misconduct" resulting from a 1994 public auction of shares of stock associated with the proprietary lease to a cooperative apartment in Queens, New York. The District Court found the action to be time-barred by the statute of limitations for property torts. On appeal, petitioner argues that the district judge erred in granting the defendant's motion and in declaring the claims to be time-barred. We assume the parties' familiarity with the facts and the procedural history of this case.

We review *de novo* a district court's interpretation of the statute of limitations. *Brennan v. Nassau County,* 352 F.3d 60, 63 (2d Cir.2003).

For substantially the reasons stated by the District Court, we conclude that plaintiff's arguments are without merit. Plaintiff asserts that statute of limitations did not accrue until she had unsuccessfully demanded the return of the property from the defendants, i.e., she invokes the so-called "demand and refusal rule." Under New York law, in an action to recover converted property from a *bona fide* purchaser, an owner must prove that the purchaser refused, upon demand, to return the property. *Gillet v. Roberts,* 57 N.Y. 28, 30–31 (1874). The statute of limitations does not begin to run until such a demand is made of *bona fide* purchasers. *Solomon R. Guggenheim Found. v. Lubell,* 77 N.Y.2d 311, 315–316, 567 N.Y.S.2d 623, 569 N.E.2d 426 (1991). However, as the District Court concluded, accepting plaintiff's allegations as true, defendants acted wrongfully in causing the shares to be sold at auction, and thus cannot be characterized as good faith purchasers when they later bought the shares at the auction. Under New York law, the statute of limitations for an action alleging injury to property is three years. N.Y.C.P.L.R. § 214 (2007). As we have held, the three-year period begins to run when the property was taken, even where the property owner was unaware of the unlawful taking at the time it occurred. *DeWeerth v. Baldinger,* 836 F.2d 103, 106 (2d Cir.1987). Even accounting for tolling of the statute of limitations due to the plaintiff's minority at the time of sale, the action is time-barred.

Upon a review of the record and the relevant law, we detect no error in the District Court's April 24, 2006 Memorandum and Order. We have considered all of petitioner's claims on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court substantially for the reasons stated

* The Honorable Richard M. Berman, United States District Judge of the Southern District of New York, sitting by designation.

by Chief Judge Korman in his Memorandum and Order of April 24, 2006.